IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROLYN HERZ SRIVASTAVA,         )
                                  )
    Plaintiff,                    )    CASE NO. 3:10-00082
                                  )    JUDGE HAYNES
v.                                )
                                  )
BLAKEFORD AT GREEN HILLS          )
CORPORATION, et al.,              )
                                  )
    Defendants.                   )

## O R D E R

Plaintiff, Carolyn Herz Srivastava, filed this pro se action against the Defendants: Blakeford at Green Hills Corporation, Van Cluck, Patricia Morrell, Arnold Bienstock, Eric Bram, Jonathan Adland, Ora Hirsch Pescovitz, and David F. Hamilton. Plaintiff alleges that the Defendants engaged in a pattern of racketeering that deprived Plaintiff of money and other property.

Before the Court is Defendant Ora Hirsch Pescovitz's motion to dismiss (Docket Entry No. 14), Defendant David F. Hamilton's motion to dismiss (Docket Entry No. 40), and Plaintiff's motion for preliminary injunction (Docket Entry No. 48). Defendant Hamilton's motion to dismiss contends, in sum, that Plaintiff has a history of frivolous and vexatious court filings and that Defendant Hamilton is immune from suit because his alleged actions all occurred as a District Judge for the Southern District of Indiana. Defendant Hamilton also notes that Plaintiff's entire complaint is conclusory and "consists wholly of 'impertinent' and 'scandalous' matters."

Under 28 U.S.C. 1915(e)(2)(B)(2), the Court makes an initial inquiry to assess whether

this action should proceed further. The pro se complaint can be dismissed if the complaint fails to state a claim or is frivolous or malicious or seeks damages from a defendant who is immune from such damages claims as a matter of law. A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); see also Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Upon review of the complaint, Plaintiff's claims are clearly frivolous and meritless. Defendant Hamilton was the federal district court judge assigned several of Plaintiff's prior lawsuits in the Southern District of Indiana. As such, because all acts about which Plaintiff complains were judicial acts within his jurisdiction, Defendant Hamilton has absolute judicial immunity from suit.

Additionally, to promote the interests of judicial economy, a district court may raise the doctrine of res judicata sua sponte. Holloway Construction Co. v. United States Department of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989). An action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. Hydranautics v. Film Tec Corporation, 204 F.3d 880 (9th Cir. 2000).

The complaint here is merely a continuation of Plaintiff's prior actions brought in the Southern District of Indiana that were previously dismissed with prejudice. See Srivastava v.

Bepko, et al., Case No. 1:04-cv-945-RLY-WTL (S.D. Ind. 2005); Srivastava v. Marion County Election Board, 125 Fed. Appx. 57, 58 (7th Cir. 2005) (affirming district court injunctions requiring screening of all future filings due to the finding that "Srivastava had 'built a record of relentlessly frivolous pro se litigation' consisting of some 27 federal and state lawsuits...."); Srivastava v. Bepko, et al., Case No. 1:03-cv-00952-DFH-VSS (S.D. Ind. 2004).

Plaintiff alleges that many of the prior defendants in the various Southern District of Indiana actions have continued their conspiracy through a vast "Syndicate" that Blakeford at Green Hills Corporation and Van Cluck have allegedly joined. It is clear to the Court, however, that Plaintiff's claims against Defendants Patricia Morrell, Arnold Bienstock, Eric Bram, Jonathan Adland, and Ora Hirsch Pescovitz are entirely barred by res judicata. Finally, the claims in the complaint not barred by res judicata are delusional and consistent with Plaintiff's past claims alleging anti-Semitic conspiracies. Glenn, 183 F.3d at 479; see also Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptional."). Plaintiff's claims against Defendants Blakeford at Green Hills Corporation and Van Cluck are brought only as a pretext for Plaintiff to continue her meritless and fantastical pattern of litigation. Polyak v. Lesnansky, 890 F.2d 416, 1989 WL 143564, at *2 (6th Cir. 1989). Finally, Plaintiff's new claims against Defendants Blakeford at Green Hills Corporation and Van Cluck are precluded by the doctrine of collateral estoppel. Allen v McCurry, 449 U.S. 90, 94 (1980).

For the above stated reasons, Defendant Ora Hirsch Pescovitz's motion to dismiss (Docket Entry No. 14) is **GRANTED**, and Defendant David F. Hamilton's motion to dismiss (Docket Entry No. 40) is **GRANTED**. Plaintiff's claims against all Defendants are

**DISMISSED with prejudice** for failure to state a claim. Accordingly, Plaintiff's motion for preliminary injunction (Docket Entry No. 48), Defendant Ora Hirsch Pescovitz's motion for extension of time (Docket Entry No. 57), and Plaintiff's motion for sanctions (Docket Entry No. 58) are **DENIED as moot**.

This is the Final Order in this action.

Any appeal of this action would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the ___10th___ day of May, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge